﻿Citation Nr: 18124191
Decision Date: 08/06/18 Archive Date: 08/06/18

DOCKET NO. 15-30 178
DATE: August 6, 2018
ORDER
A total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is denied.
FINDINGS OF FACT
1. The Veteran served on active duty from February 1964 to February 1968.
2. The Veteran’s service-connected disabilities do not render him unable to secure or follow a substantially gainful occupation.
CONCLUSION OF LAW
The criteria for entitlement to a TDIU have not been met. 38 U.S.C. § 1155 (2012); 38 C.F.R. §§ 3.340, 3.341, 4.16 (2017).
REASONS AND BASES FOR FINDINGS AND CONCLUSION
Generally, VA will grant a TDIU when the evidence shows that a veteran is precluded, by reason of his or her service-connected disabilities, from obtaining and maintaining any form of substantially gainful employment consistent with his or her education and occupational experience. 38 C.F.R. §§ 3.340, 3.341, 4.16. Thus, the central inquiry in a TDIU claim is whether the veteran’s service-connected disabilities alone are of sufficient severity to produce unemployability. Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993).
A total disability rating for compensation may be assigned when a veteran receives less than a total disability rating (i.e., less than a 100 percent combined disability rating) and is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. 
Regulations provide that if a veteran is service-connected for one disability, it must be rated as 60 percent disabling or more. If a veteran is service-connected for two or more disabilities, at least one disability must be rated at 40 percent or more, and sufficient additional disability must bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16. 
In determining whether unemployability exists, consideration may be given to the veteran’s level of education, special training, and previous work experience, but not to his or her age or to any impairment caused by nonservice-connected disabilities. See 38 C.F.R. §§ 3.341, 4.16, 4.19. As such, the Board will consider whether a particular job is realistically within the physical and mental capabilities of the veteran. 
In this case, the Veteran has met the schedular criteria for a TDIU since July 2, 2012, when he was service-connected for tinnitus (10 percent) and posttraumatic stress disorder (PTSD, at 70 percent). With a combined evaluation of 70 percent, he met the schedular threshold for a TDIU at that time.
Thus, the appeal may be granted upon evidence that the impact of the Veteran’s service-connected disabilities precludes his substantial and gainful employment. In this respect, he has neither alleged, nor does the evidence otherwise suggest, that tinnitus impacts his employability in any way. Instead, he contends that he has been rendered unemployable due to his PTSD.
In his initial application for a TDIU, the Veteran reported a college education with additional training both before and after he became disabled. He spent more than two decades serving as the Chief Financial Officer of a company, and then an additional six years as an independent tax preparer. His last reported date of employment was July 2012. In June 2014, his former employer indicated that the Veteran was no longer with the company due to downsizing. 
The impact of his psychiatric symptoms on his employability has been assessed by VA examiners on two occasions. An October 2013 VA examiner reported that the Veteran’s symptoms included depressed mood, anxiety, suspiciousness, chronic sleep impairment, mild memory loss, flattened affect, impaired judgment, disturbances of motivation and mood, difficulty in establishing and maintaining effective work and social relationships, difficulty in adapting to stressful circumstances, including in a work or worklike setting, the inability to establish and maintain effective relationships, suicidal ideations, and obsessional rituals which interfere with routine activities. 
Despite the presence of these symptoms, the examiner concluded that the Veteran presented with occupational and social impairment with reduced reliability and productivity. 
A similar disability picture was endorsed in June 2014, when a VA examiner concluded that the Veteran had occupational and social impairment due to mild or transient symptoms which decreased work efficiency and the ability to perform occupational tasks only during periods of significant stress, with symptoms controlled by medication. Ongoing symptoms were reported as depressed mood, chronic sleep impairment, disturbances of motivation and mood, and difficulty in establishing and maintaining effective work and social relationships. 
However, the Veteran did not indicate that his symptoms caused major occupational impairment at that time. Although he reported difficulty in securing employment, he “attributed this to ageism of employers.” Further, he reported ongoing work as a CPA for one client and reported that “for the six weeks of the year that he [was] busy working for them, he feels excited and energized.” He also noted that he lost his prior job because the family who owned the company no longer needed a CFO. 
Although additional social impairment was reported, the examiner observed that it did “not appear global or severe.” Instead, the Veteran reported several close friendships and those poor relationships reported were due in part to the personalities of the other parties. When asked if his current psychiatric symptoms prevented him from looking for additional work, obtaining work, or establishing or maintaining relationships, the Veteran denied any significant impact.
Accompanying VA treatment records establish the Veteran’s ongoing participation in therapy and the use of medication to assist with managing his symptoms. During these appointments, he typically presented as appropriately dressed and groomed, with normal and coherent speech and thought processes and an appropriate affect. 
Upon review of the above, the Veteran’s PTSD does not preclude his substantial and gainful employment. As such, the appeal seeking entitlement to a TDIU is denied. While PTSD has limited his capacity to establish and maintain relationships, his symptoms have not rendered him totally unemployable. 
Instead, the evidence suggests that the Veteran is high-functioning despite the presence of his symptoms. For example, he has consistently demonstrated appropriate self-care and the capacity to communicate appropriately and effectively with others. His judgment, insight, and thought processes remain within normal limits upon examination. Thus, although his mood disturbances seem to limit his capacity to engage with others, this limitation appears mild. He has offered testimony to this effect, and in June 2014 described a social capacity that enabled “good friendships, involvement with his church, and involvement as a volunteer at the dog shelter.” As a result, multiple VA examiners have found him unemployable.
Moreover, the Veteran’s own testimony contradicts a finding of unemployability. On multiple occasions, he has represented his desire and willingness to obtain employment, as supported by his ongoing status as a CPA with at least one known active client. During sporadic periods of employment, he has reported an improvement to his symptoms and overall functioning, not vice versa. Rather than attribute his unemployment to his PTSD, he has repeatedly cited unrelated factors including his age and the nature of his profession. Further, his one known instance of unemployment was due to company downsizing and thus unrelated to his psychiatric symptoms. As such, the June 2014 examiner concluded that the Veteran is “able and willing to work more than he is currently working.” 
As such, the evidence of record does not establish that the Veteran’s service-connected disabilities render him unable to secure and follow a substantially gainful occupation. Instead, he possesses notable academic and occupational aptitude and demonstrates only limited impairment due to his PTSD. Accordingly, entitlement to a TDIU is denied. 
Finally, the Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record, for the Board’s consideration. See Doucette v. Shulkin, 28 Vet. App. 366, 369-370 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).
 
L. HOWELL
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD K. Kovarovic, Associate Counsel